NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 16-1854

_____

MICHAEL CASERTA,

Appellant

v.

INTERCALL, INC.

_____

Appeal from the United States District Court
for the District of New Jersey
(Case No. 1-13-cv-07790)
District Judge: Honorable Noel L. Hillman

_____

Submitted Under Third Circuit LAR 34.1(a)
November 17, 2016

Before: AMBRO, SHWARTZ, and FUENTES, Circuit Judges

(Opinion filed: December 8, 2016)

_____

OPINION[*]

_____

AMBRO, Circuit Judge

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Michael Caserta appeals the order of the District Court granting InterCall, Inc.'s ("InterCall") motion for summary judgment with respect to this age-discrimination claim under New Jersey State law. He contends that the District Court erred in its application of the burden-shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), that is used by New Jersey courts. We believe the District Court did not err and affirm its order.

## I. Background

InterCall, an international communications provider, hired Caserta as Vice President of Sales in December 2011 at age 61. He was terminated in May 2013 at the age of 63. InterCall's bases for terminating Caserta were his significantly low 2012 sales numbers, the restructuring of its pharmaceutical sales team, and its decision to eliminate his position in order to create budgetary space for the hiring of a desirable candidate to fill the company's Vice President of Product Management position. Caserta sued for age discrimination under the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. § 10:5-12, alleging that InterCall terminated him because of his age and replaced him with a younger person. The District Court granted InterCall's motion for summary judgment, reasoning that Caserta failed to show that any of the business reasons for his termination were merely pretext based on his age. He appeals.

## II. Jurisdiction and Standard of Review

The District Court had diversity jurisdiction per 28 U.S.C. § 1332, and we have appellate jurisdiction under 28 U.S.C. § 1291. Our review of a district court's grant of

2

summary judgment is plenary. *Fed. Home Loan Mortg. Corp. v. Scottsdale Ins. Co.*, 316 F.3d 431, 443 (3d Cir. 2003).

### III. Discussion

To establish a *prima facie* case of age discrimination under the NJLAD, a plaintiff must show that: "(1) he was a member of the protected class; (2) he was performing the job at the level that met the employer's legitimate expectations; (3) he was discharged; and (4) the employer sought another to perform the same work after the complainant had been removed from the position." *Maiorino v. Schering-Plough Corp.*, 695 A.2d 353, 364 (N.J. Super. Ct. App. Div. 1997) (quoting *Catalane v. Gilian Instrument Corp.*, 638 A.2d 1341, 1351 (N.J. Super. Ct. App. Div. 1994)). Once a plaintiff meets that preliminary hurdle, a presumption is created that the employer unlawfully discriminated against him on the basis of age. The burden thus shifts to the employer to give a legitimate, nondiscriminatory reason for the termination. *McDonnell Douglas*, 411 U.S. at 802.

If the employee has successfully rebutted the presumption of discrimination by a legitimate, nondiscriminatory reason for his firing, he must show that the reason given by the employer was merely a cover—legally called pretext—for discrimination. *Andersen v. Exxon Co., U.S.A.*, 446 A.2d 486, 491 (1982). The employee can overcome this burden by providing evidence from which a factfinder reasonably could (1) believe a discriminatory reason was more likely than not a motivating or determinative factor in the employment decision or (2) disbelieve the employer's reason for termination. *Keller*

*v. Orix Credit All., Inc.*, 130 F.3d 1101, 1108 (3d Cir. 1997) (citing *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994)) (interpreting New Jersey law).

Caserta argues that the District Court erred by not shifting the burden back to InterCall to rebut a presumption of discrimination after he made his *prima facie* case. This argument fails, as the Court acknowledged that InterCall sufficiently met its burden by showing that Caserta's 2012 sales numbers were low, that the pharmaceutical sales team was being restructured, and that it needed to create budget space to hire a new salesman. *See Caserta v. Intercall, Inc.*, No. CV 13-7790, 2016 WL 1365993, at *4 (D.N.J. Apr. 6, 2016).

At that point in the *McDonnell Douglas* analysis, Caserta needed to persuade the Court that the three articulated reasons for his termination were no more than made-up reasons for discrimination. *Id.* He failed to carry that burden, as he did not present any evidence tending to show that InterCall's termination was age-related or a ruse to disguise its intentional discriminatory motive.

Accordingly, we affirm the District Court's grant of InterCall's motion for summary judgment.